DECISION
{¶ 1} Tremayne Ellison appeals from his sentence of one year of incarceration following his plea to a single count of domestic violence in violation of R.C. 2919.25 as a felony of the fifth degree. He assigns five errors for our consideration:
 1. THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT BASED UPON A FINDING OF FACTORS NOT FOUND BY A JURY OR ADMITTED BY THE APPELLANT IN VIOLATION OF THE APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO TRIAL BY JURY AND IN CONSIDERING DISMISSED *Page 2 
CONDUCT IN SENTENCING THE APPELLANT TO A MAXIMUM SENTENCE.
 2. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY FAILING TO ARTICULATE SUFFICIENT REASONS FOR ITS SENTENCE AND NOT PROPERLY CONSIDERING AND APPLYING THE STATUTORY SENTENCING FACTORS CONTAINED IN O.R.C. 2929.11 AND 2929.12.
 3. THE TRIAL COURT ERRED AND VIOLATED APPELLANT'S DUE PROCESS RIGHTS UNDER BOTH THE STATE AND FEDERAL CONSTITUTIONS WHEN IT SENTENCED APPELLANT TO SERVE A MAXIMUM PRISON TERM.
 4. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO A MAXIMUM ONE-YEAR SENTENCE WHEN THAT SENTENCE IS NOT CONSISTENT WITH SENTENCES FOR SIMILAR CRIMES COMMITTED BY SIMILAR OFFENDERS.
 5. THE TRIAL COURT ERRED IN NOT SENTENCING THE APPELLANT TO COMMUNITY CONTROL WHEN THE STATE DEVIATED FROM ITS JOINT RECOMMENDATION OF COMMUNITY CONTROL AT SENTENCING.
 {¶ 2} This case is somewhat unique to the extent that the trial court judge who handled the case did not follow a joint recommendation of the parties for community control and instead handed down a maximum sentence of incarceration. The trial court did not explain the sentence at length at the sentencing hearing, but did sign a standard judgment entry which indicated that the judge had considered the pertinent statutes, especially R.C. 2929.11 and 2929.12.
 {¶ 3} In the first assignment of error, Ellison argues that the trial court considered prior cases which allege Ellison had been guilty of domestic violence, but had been dismissed. The trial judge noted two prior allegations of domestic violence which were *Page 3 
dismissed. However, the trial judge spent a great deal more time discussing numerous charges for which Ellison was convicted, given probation and ultimately served the entire jail or prison sentence. The first case was a domestic violence on one of his children. The second case was a weapon under disability case which resulted in probation being revoked twice. The third case did not involve community control, but a two-year prison sentence for placing a child in a hot tub of water. The fourth case was an assault on a police officer. The fifth case was an aggravated menacing and domestic violence case for which Ellison received probation and probation was subsequently revoked. The sixth case was also an aggravated menacing and domestic violence for which probation was granted and probation revoked.
 {¶ 4} The mere mention of the dismissed domestic violence cases from 2002 and 2005 is not sufficient to establish that the trial court considered the dismissed cases in sentencing Ellison, especially given the numerous instances of domestic violence for which Ellison was convicted and the numerous failed attempts at community control.
 {¶ 5} The first assignment of error is overruled.
 {¶ 6} The reasons for not giving Ellison community control and for giving a prison sentence are obvious from the transcript of the sentencing hearing. Ellison had been given community control repeatedly and had repeatedly failed to complete the conditions for community control.
 {¶ 7} The primary reason for giving Ellison a prison sentence of one year was clearly his repeated acts of violence which resulted in criminal convictions. The trial court reiterated Ellison's record and did not need to itemize all the reasons why Ellison was likely to commit still more offenses in the future. The particular trial judge is extremely *Page 4 
knowledgeable in criminal matters and could weigh the statutory factors without listing all of them on the record.
 {¶ 8} The second assignment of error is overruled.
 {¶ 9} In the third assignment of error, Ellison alleges that the sentence somehow violated Due Process of Law. Ellison was advised at the time he entered his plea to a felony five, reduced from a felony three, that the trial judge was not bound by the joint recommendation for community control. Ellison had the opportunity to present information which weighs in favor of community control. His repeated criminal convictions and failures at community control would have resulted in a prison sentence of one year in prison, whether or not State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, had been decided and portions of the prior sentencing statutes had been stricken. This case does not present Due Process issues.
 {¶ 10} The third assignment of error is overruled.
 {¶ 11} In the fourth assignment of error, counsel for Ellison alleges an inconsistency between Ellison's sentence and sentences in cases in the Second, Third, Fifth and Eleventh Appellate Districts. The fact that some other criminal defendants received lesser sentences does not make Ellison's sentences an abuse of discretion by the trial court judge.
 {¶ 12} The fourth assignment of error is overruled.
 {¶ 13} The fifth assignment of error alleges that the State of Ohio improperly deviated from its earlier recommendation for community control. In fact, the State of Ohio repeated the recommendation and reaffirmed it. The fact that the State of Ohio acknowledged that the victim of the crime was not happy with the recommendation does *Page 5 
not mean the State of Ohio reneged on its recommendation. The recommendation stood, but was not binding on the judge who had more than adequate reasons for not following it.
 {¶ 14} The fifth assignment of error is overruled.
 {¶ 15} All five assignments of error having been overruled, the judgment of the
Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE and T. BRYANT, JJ., concur.
BRYANT, J., retired of the Third Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution. *Page 1